# In The Matter Of:

*FE Partners, LLC and Fomento Resources USA (LLC) v. Chesapeake Boat Works, LLC, et al*

*Rebecca D. Lengua*
*January 19, 2018*



ZAHN
COURT REPORTING

208 E. Plume Street, Suite 214
Norfolk, Virginia 23510
tel: 757 627 6554  fax: 757 625 7077
email: info@zahncourtreporting.com

**EXHIBIT B**

*Original File 011918jt Lengua.txt*
*Min-U-Script® with Word Index*

1

```
 1                IN THE UNITED STATES DISTRICT COURT

 2               FOR THE EASTERN DISTRICT OF VIRGINIA

 3                NEWPORT NEWS DIVISION - IN ADMIRALTY

 4


 5
     FE PARTNERS, LLC, and              )
 6   FOMENTO RESOURCES USA (LLC),       )
                                        )
 7            Plaintiffs,               )
                                        )  Civil Action No.
 8       v.                             )  4:16cv188
                                        )
 9   CHESAPEAKE BOAT WORKS, LLC,        )
     CHESAPEAKE MARINE RAILWAY,         )
10   LLC,                               )
     JONATHAN M. FARINHOLT, and         )
11   RICHARD L. FARINHOLT, II,          )
                                        )
12            Defendants.               )

13

14

15

16

17         VIDEOTAPED DEPOSITION UPON ORAL EXAMINATION OF

18                        REBECCA D. LENGUA

19              TAKEN ON BEHALF OF THE PLAINTIFFS

20                       RICHMOND, VIRGINIA

21                        JANUARY 19, 2018

22

23

24

25
```



```
 1    Appearances:

 2

 3       VENTKER HENDERSON, PLLC
         BY:   JEANNE E. NOONAN, ESQUIRE
 4             DAVID N. VENTKER, ESQUIRE
               256 WEST FREEMASON STREET
 5             NORFOLK, VIRGINIA  23510
               (757) 625-1192
 6             Jnoonan@ventkerlaw.com
               Dventker@ventkerlaw.com
 7                 Counsel for the Plaintiffs

 8

 9       SANDS ANDERSON, PC
         BY:   DOUGLAS WINEGARDNER, ESQUIRE
10             BANK OF AMERICA CENTER, SUITE 2400
               1111 EAST MAIN STREET
11             RICHMOND, VIRGINIA  23219
               (804) 648-1636
12             Dwinegardner@sandsanderson.com
                   Counsel for the Defendants
13

14
      Also present:
15

16       DUNTON SIMMONS & DUNTON, LLP
             E. STANLEY MURPHY, Esquire
17                 Counsel for the Witness

18

19

20

21

22

23

24

25
```



```
 1                        I N D E X

 2

 3    WITNESS                                          PAGE

 4    Rebecca Lengua:

 5         Examination by Ms. Noonan                    7

 6         Examination by Mr. Winegardner              82

 7

 8

 9                       E X H I B I T S

10

11    NO.   DESCRIPTION                                PAGE

12    1     State Corporation Commission Document       9

13    2     Google Earth Picture                       12

14    3     Lease                                      15

15    4     Letter & Website Printouts                 24

16    5     Photograph                                 28

17    6     Letter                                     31

18    7     Photographs                                37

19    8     Photograph                                 39

20    9     Invoices                                   40

21    10    Letter                                     42

22    11    List                                       43

23    12    Letter                                     44

24    13    Photographs                                50

25    14    Handwritten Note                           50
```



4

```
 1                    E X H I B I T S
 2
 3   NO.   DESCRIPTION                                    PAGE
 4   15    Invoices                                        51
 5   16    Letter                                          52
 6   17    Letter                                          52
 7   18    Letter                                          55
 8   19    Letter                                          56
 9   20    Insurance Claim Documents                       58
10   21    Letter                                          60
11   22    Letter                                          61
12   23    Responses to Plaintiff's Interrogatories        63
13   24    Notes                                           65
14   25    Defendant's Responses to Plaintiff's            67
15         First Interrogatories & Requests for
16         Production
17
18
19
20
21
22
23
24
25
```



```
 1              Deposition upon oral examination of
 2    Rebecca D. Lengua, taken on behalf of the Plaintiffs,
 3    before Jill Hudnall Trail, Registered Professional
 4    Reporter, a Notary Public for the Commonwealth of
 5    Virginia at large, taken pursuant to notice, commencing
 6    at 10:00 a.m. on January 19, 2018, at the offices of
 7    Sands Anderson, 1111 East Main Street, Richmond,
 8    Virginia.
 9
10              THE VIDEOGRAPHER:  We are on the record
11    at 10:02 a.m.  Here begins videotape number one in the
12    deposition of Rebecca Lengua in the matter of FE
13    Partners, LLC and Fomento Resources USA, LLC versus
14    Chesapeake Boat Works, LLC, et al, filed in the U.S.
15    District Court for the Eastern District of Virginia,
16    Newport News Division, in Admiralty, Civil Action
17    Number 4:16cv188.  This deposition is being held at the
18    law office of Sands Anderson, 1111 East Main Street in
19    Richmond, Virginia.
20              Today's date is Friday, January 19th,
21    2018.
22              The video operator today is Bevin
23    Armistead.  The court reporter is Jill Trail, both
24    present on behalf of Zahn Court Reporting.
25              Counsel, please state your appearance and
```



```
 1    firm affiliation for the record.
 2              MR. VENTKER:  My name is David Ventker
 3    with the firm of Ventker Henderson, and we represent
 4    the plaintiffs.
 5              MR. WINEGARDNER:  And I am Doug
 6    Winegardner.  I'm sorry.
 7              MS. NOONAN:  My name is Jeanne Noonan.  I
 8    am also with Ventker Henderson on behalf of plaintiff.
 9              MR. WINEGARDNER:  And I am Doug
10    Winegardner with the firm of Sands Anderson, PC,
11    representing the defendants.
12              MR. MURPHY:  My name is E. Stanley
13    Murphy.  I am with the firm of Dunton, Simmons, and
14    Dunton.  I represent Ms. Lengua and the Deagle Marine
15    Railway.
16              THE VIDEOGRAPHER:  And would the court
17    reporter please swear in the witness.
18              THE REPORTER:  Would you raise your right
19    hand, please.
20              Do you swear or affirm that the testimony
21    you're about to give will be the truth, the whole
22    truth, and nothing but the truth so help you God?
23              THE WITNESS:  I do.
24              THE REPORTER:  Thank you.
25              MR. VENTKER:  Before the deposition
```



```
 1   begins, I want to note on the record that we object to
 2   Mr. Murphy's participation in this deposition.  We
 3   believe he has an ethical conflict which we've
 4   previously given him notice of, and we do not believe
 5   the witness has the right to counsel during the
 6   questioning that's to go on, so we would object to any
 7   attempt by Mr. Murphy to interpose any objections
 8   during the examination of the witness.
 9               MR. MURPHY:  Mr. Murphy disagrees with
10   all of those statements.
11               MR. WINEGARDNER:  And if you would like,
12   I would be fine with a continuing objection along those
13   lines, so that there is no interruption of flow.
14               MR. VENTKER:  All right.
15
16               REBECCA D. LENGUA was sworn and deposed
17   on behalf of the Defendant as follows:
18                        EXAMINATION
19   BY MS. NOONAN:
20       Q.      Okay.  As we get started this morning,
21   good morning, Ms. Lengua.
22       A.      Good morning.
23       Q.      Could you state your name for the record.
24       A.      Rebecca Deagle Lengua.
25       Q.      Okay.  And we'll go over just a few
```



```
 1                    (The Letter was marked as
 2                    Plaintiff's Exhibit No. 6.)
 3              Can you identify this letter for us.
 4       A.     Yes.  This was prepared at the end of
 5   their Lease, the current term.  It expired
 6   October 31st, '16, yeah.
 7       Q.     And you wrote this letter?
 8       A.     With counsel.
 9       Q.     And you signed it?
10       A.     I did.
11       Q.     Does the letter indicate that Chesapeake
12   Marine Railway and the Farinholts were in default under
13   the Lease?
14       A.     We had ongoing issues with them.  Many
15   times they made repair or improvements without prior
16   permission.  Most of those were done, and we were the
17   last to know.  And my father at that time got very
18   upset, and I can't recall the exact words that were
19   said, but this is pretty clear.
20       Q.     Okay.  And the letter, the last paragraph
21   indicates who your attorney was.  Was that your
22   attorney who helped prepare the letter?
23       A.     Yes.
24       Q.     And who was your attorney at the time?
25       A.     I actually started with one attorney, and
```



```
 1   when we progressed from normal relations to strained, I
 2   went from Craig Smith to Mr. Murphy.
 3        Q.     And when did that happen?
 4        A.     I can't remember the exact date.  I'm
 5   sorry.
 6        Q.     But as of September 14th, 2016, he was
 7   your attorney?
 8        A.     Oh, yes.
 9        Q.     This letter indicates -- well, it states
10   that you have -- you assert that Chesapeake Marine
11   Railway or the Farinholts damaged at least one railway
12   on the property, and they may have damaged the other
13   railway.  What is your understanding of the damage that
14   was done to each railway?
15              MR. WINEGARDNER:  Objection to the form
16   of the question.
17              MS. NOONAN:  I'll rephrase.
18   BY MS. NOONAN:
19        Q.     What did you believe, when you wrote this
20   letter, had occurred to the main railway on the
21   property?
22        A.     In my father's personal opinion, they had
23   done damage by continuously soliciting jobs that were
24   larger than he was comfortable with, and we had -- he
25   repeatedly, if I remember correctly, he had repeatedly
```



```
 1         A.      As I said, it was when -- after my father
 2    had his mini stroke, his episode, and he didn't feel
 3    competent at that time, so I eased in and helped him
 4    until he felt that he could, he could take it on again.
 5         Q.      So we will skip forward a little bit
 6    chronologically, and I am going to hand you a letter
 7    we'll mark Plaintiff's Exhibit 10.
 8                 (The Letter was marked as
 9                 Plaintiff's Exhibit No. 10.)
10                 Now is this a letter that you wrote to
11    your tenants?
12         A.      With the help of counsel.
13         Q.      And in that letter you again address the
14    issue that they were hauling vessels that exceeded the
15    weight capacity of the equipment?
16         A.      Yes.
17         Q.      So in 2011, you were still concerned that
18    they were hauling large vessels that exceeded the
19    capacity of the marine railways?
20         A.      In my father's opinion.
21         Q.      But you sent this letter?
22         A.      Correct.
23         Q.      Who was your counsel in 2011?
24         A.      Craig Smith.
25         Q.      Okay.  So he assisted you with this
```



```
 1   letter?
 2       A.      He did.
 3       Q.      Were you aware in 2011 that your tenants
 4   hauled out the Miss Ann?
 5       A.      I can't recall in 2011.
 6       Q.      I am going to give you a list.  We'll
 7   call this Plaintiff's Exhibit Number 11.
 8               (The List was marked as
 9               Plaintiff's Exhibit No. 11.)
10               It's a document, produced to us by the
11   defendants, listing the vessels that they had hauled
12   out previously.  On the second page there is a table
13   with 2011.  Does that show that the Miss Ann was hauled
14   out?
15       A.      It does.
16       Q.      And is that the same vessel that you had
17   warned Chesapeake Marine Railway and Chesapeake Boat
18   Works and the Farinholts about hauling in the 2007
19   letter?
20               MR. WINEGARDNER:  Objection to the form.
21   BY MS. NOONAN:
22       Q.      When you issued a letter in 2007, when
23   your father did --
24       A.      Uh-huh.
25       Q.      -- did he make a statement about the
```

