LAW OFFICES
DUNTON, SIMMONS & DUNTON, L.L.P.
678 RAPPAHANNOCK DRIVE
POST OFFICE BOX 5
WHITE STONE, VIRGINIA 22578-0005

E. STANLEY MURPHY
ESMURPHY@DSDLAW.COM

TELEPHONE:
(804) 435-4000
FACSIMILE:
(804) 435-1614
dsdlaw.com

November 7, 2017

David N. Ventker, Esq.
VENTKER HENDERSON, INC.
256 West Freemason Street
Norfolk, Virginia 235120

Re: FE Partners, et al. v. Chesapeake Marine Railway, LLC, et al.

Dear David:

I have started many times to respond to your letter of September 8, 2017, particularly your comments about my "obvious conflicts of interest" related to my representation of the Deagles in response to the subpoena that your firm served on behalf of Mr. Cantor and FE Partners. I now do so only because it appears that you are intent on involving Deagles in this matter. In fact, it is clear to me that your subpoena was punitive because of the Deagle family's refusal to combine with you clients against Chesapeake Marine Railway.

Most significantly, I understand your letter as an excuse for Mr. Cantor not paying my long outstanding professional invoice for professional services to your clients.

It is obvious to me that you do not have all the facts.

At the inception of my relationship with FE Partners, I disclosed our firms existing relationship with the Deagles and I went to great lengths to make certain that Deagles' interests did not conflict with FE's. I specifically restricted the scope of my representation (you have my engagement letter) only to dealing with the Farinholts. As the relationship progressed, Mike Cantor started claiming that the Deagle family was somehow responsible for the actions of their tenant, a position completely at odds with Virginia law and one that my firm expressly considered before accepting the FE representation.

Each time Mr. Cantor made these statements, I cautioned him that I would not be able to represent him against the Deagles and that if the continuing relationship with FE promised to put him conflict with our existing client, that I would need to withdraw.

The work that I was doing on behalf of FE against the Farinholts came to a standstill because of a hold up in the Delaware litigation but Mike continued to call here asking me to intervene on his behalf with the Deagles. I told him clearly that I would not be able to go farther and I ended the representation. Still, he continued to call and frankly I think that the real problem here is FE's dissatisfaction with my unwillingness to sell out an existing client of the firm.

EXHIBIT J

David N. Ventker, Esq.
November 7, 2017
Page | 2

I have never seen anything in this case that suggests the Deagles did anything wrong so I do not think there is a conflict of interest with FE Partners, "obvious or not." We have a continuing relationship with the Deagle family trying to get the lease litigation resolved and that relationship was greatly complicated by the ridiculously broad subpoena that your office served with a very short response time. Trying to deal with it long distance ruined the first vacation I have been able to take in about five years, in fact cutting it short.

As a practical matter, the short response time left my clients with no ability to hire substitute counsel familiar enough with this situation to represent them within the few days your office arbitrarily provided for a response time, particularly in light of my ongoing litigation of a claim against the Farinholts independent of FE Partners.

Prior to my decision to helping with a response to the subpoena, your office repeatedly assured me that FE Partners has no claims against the Deagles and those comments too make it impossible for me to understand why I was required to abandon a representation just because your office served a subpoena. Ultimately, we made a very broad response to this subpoena on short notice and at extraordinary expense to the Deagles.

It is interesting to me that my unpaid statement goes back to a point in time many months before you ever filed suit on behalf of FE Partners. Under the circumstances, it is curious to me that now a conflict of interest is being interposed as an excuse for paying this long overdue bill.

FE Partners is free to make its own decisions concerning this matter. So, too, is the Deagle family. The message though is clear that I will not be paid for legal work, all of which was performed on short notice and with disruption to other client responsibilities.

Thank you for your $78.00 check, which does not come close to reimbursing us for the cost of tying up my secretary all day or the hundreds of pages of copies. The cost to the Deagle family for resisting your clients' insistence that they join with FE in litigation against CMR was much higher.

Very truly yours,

E. Stanley Murphy

ESM/kfh

cc: Rebecca Lengua